IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STEPHEN ALLARD, ID # 1071335,     )
       Plaintiff,         )
vs.                          )         No. 3:05-CV-0584-K (BH)
                             )             ECF
QUINLAN PEST CONTROL, et al.,     )     Referred to U.S. Magistrate Judge
       Defendants.      )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I.  BACKGROUND

In March 2005, plaintiff filed this civil action under 42 U.S.C. § 1983 alleging violations of his constitutional rights related to the conditions of his imprisonment in a facility within the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID).[1]  (*See generally*, Compl.)  His complaint specifically relates to the spraying of pesticides at the Hunt County Jail (the Jail) that allegedly caused him various health problems, including a thyroid problem.  (*Id.*)  He sues Quinlan Pest Control Company Inc.; three jailers at the Jail (Michael Vice, Randy White, and Curtis Neal);[2] and Hunt County Sheriff Don Anderson.  (*Id.* at 1-3.)  He states that he was last incarcerated in the Jail between July 2000 and October 19, 2001, but was not diagnosed with thyroid

---

[1]  Although plaintiff purports to bring suit against defendants on his own behalf as well as all "inmates past and present of the Hunt County Jail", (Compl. at 2), his complaint is not appropriately titled as a class action, *see* LR 23.1, and he has not taken the necessary steps to obtain class certification, *see* LR 23.2.  Consequently, this action proceeds only as an individual action by plaintiff.

[2]  Plaintiff identifies defendant Neal as "Neel".  However, as shown in plaintiff's prior action concerning unsanitary conditions at Hunt County Jail, the correct spelling is "Neal".  The Court uses the correct spelling.

problems until March 25, 2003.  (*See* Answer to Question 1 of Magistrate Judge's Questionnaire (MJQ)[3].)  No process has been issued in this case.

## II.  PRIOR ACTION

Plaintiff filed a previous action against defendants Neal and Anderson that arose from the same facts and circumstances as the instant action.  *See Allard v. Anderson*, No. 3:02-CV-1698-L (N.D. Tex. filed Aug. 2002).  He alleged "unsafe and unsanitary cell conditions" at the Jail that caused "boils, infections, hepatitis C, and a thyroid condition." *See id.* (Findings, Conclusions, and Recommendation).  The allegations concerned various periods of incarceration in the Jail, including plaintiff's "latest incarceration from July 20, 2000, through October 19, 2001." *Id.*  On September 30, 2004, the assigned magistrate judge recommended that defendants' motion for summary judgment be granted because plaintiff had not "exhaust[ed] his administrative remedies as required by 42 U.S.C. § 1997e(a)." *Id.*

Before making that recommendation, the magistrate judge thoroughly considered the availability of administrative remedies, including plaintiff's arguments that "he could not have filed a grievance until he found out 'the extent of his injuries' from [an] October 23, 2001 blood test" that showed he had hepatitis and that the grievance procedure was "not available to him then because he had been transferred to TDCJ-CID." *Id.*  Despite such arguments, the magistrate judge found "that while Plaintiff was still in [the Jail], he knew that (1) the unsanitary conditions and other safety problems caused him serious health problems, pain, and suffering; and that (2) he had more than a *de minimis* injury, specifically infections and boils that had to be treated with antibiotics." *Id.*  He

---

[3]  Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

further found that plaintiff "knew about the hepatitis C" immediately after transferring from the Jail (four days after transfer) and that plaintiff filed no "grievance while he was in [the Jail] or at any time before August 9, 2002, the date he initiated this action." *Id.* In view of these findings, the magistrate judge found that "the administrative grievance procedure was not unavailable to him." *Id.*

After re-designating defendants' motion as one for dismissal, the District Court accepted the findings and recommendation over objection by plaintiff, and dismissed the action for plaintiff's failure to exhaust administrative remedies. *Id.* (order accepting findings). Plaintiff has appealed the dismissal, and the appeal remains pending before the Fifth Circuit Court of Appeals under Cause No. 05-10019.

## III. EXHAUSTION

A prisoner must fully exhaust administrative remedies before pursing a civil action concerning prison conditions. Section 1997e(a) of Title 42 of the United States Code, as amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings such as money damages. *See Booth v. Churner*, 532 U.S. 731, 740-41 (2001). The Fifth Circuit takes "a strict approach to the exhaustion requirement", *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), and

has held that "administrative remedies are deemed unavailable" in the context of an untimely griev-
ance when (1) a physical injury prevented the timely filing of a grievance and (2) a subsequent
attempt to exhaust administrative remedies is rejected due to "the untimely filing of the grievance",
*id.* at 868.

When a prisoner fails to exhaust his administrative remedies prior to filing suit, without a
valid excuse, the Court properly dismisses the action without prejudice to its refiling after the
prisoner exhausts his administrative remedies. *See Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir.
1998). The Court does not "inquire whether administrative procedures satisfy minimum acceptable
standards of fairness and effectiveness"; prisoners simply "must exhaust such administrative remedies
as are available, whatever they may be." *Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir.
2003) (citations and internal quotation marks omitted). Furthermore, substantial compliance with
administrative procedures is insufficient to permit pursuit of a federal lawsuit. *Wright v. Hollings-
worth*, 260 F.3d 357, 358 (5th Cir. 2001). Unless the prisoner pursues his "grievance remedy to
conclusion", he has not exhausted "available remedies." *Id.*

In plaintiff's prior civil action, the Court found that plaintiff had not exhausted the admin-
istrative remedies available at the Jail. In the instant action, plaintiff reiterates the same arguments
for finding exhaustion which were previously rejected. Although plaintiff now focuses on his
allegation that he did not find out about his thyroid condition until March 2003, such allegation
does not differ materially from his prior allegation that he did not know about his hepatitis condition
before he was transferred from the Jail. Such allegation does not change the prior finding of this
Court that, while incarcerated in the Jail, plaintiff knew that unsanitary conditions caused him seri-
ous health problems; and that he had more than a *de minimis* injury as shown by infections and boils

4

that had to be treated with antibiotics.  Although plaintiff may not have known the precise extent of his injuries when he filed his prior suit, he had sufficient information to pursue the grievance process before his transfer from the Jail.  When he failed to do so, he failed to exhaust such remedies.

Plaintiff argues that he exhausted the available remedies when he was transferred from the Jail and could no longer pursue the remedies even though the grievance process contains no deadline for filing a grievance.  However, in a similar case where the plaintiff changed prison facilities, the Fifth Circuit recently found that a transfer from one prison to another does not excuse a failure to exhaust when the plaintiff "was aware of the basis for his grievance during [his incarceration in the offending facility] but did not utilize the administrative remedies available at [that facility] to seek redress."  *See Hill v. Epps*, No. 05-60016, 2006 WL 461079, at *1 (5th Cir. Feb. 23, 2006) (per curiam).  Plaintiff here certainly knew the basis for filing a grievance related to the prison conditions at the Jail while he was incarcerated there.  His transfer thus does not excuse his failure to exhaust.

In light of *Hill* and the prior ruling in plaintiff's previous case, the Court finds that plaintiff has not exhausted the administrative remedies that were available at the Jail during his incarceration.  His transfer from that facility does not excuse the failure to pursue the administrative remedies while he was housed in Hunt County.  Plaintiff's latest stay in the Jail lasted more than a year; he had ample time to grieve the prison conditions.  The fact that plaintiff may no longer be able to pursue the administrative remedies by virtue of his transfer from that jail shows only that administrative remedies may be presently unavailable, not that they were not available at all.  Under Fifth Circuit precedent, prisoners generally cannot render administrative remedies unavailable by failing to take timely action – whether timeliness is dictated by deadlines established in the grievance process, *Days*, 322 F.3d at 867-68, or by a subsequent transfer, *Hill*, 2006 WL 461079, at *1.

Plaintiff has provided no reason why he did not exhaust his administrative remedies before he was transferred from the Jail.  He has not alleged that any physical injury prevented exhaustion of administrative remedies during that time.  He has not alleged any valid basis for not exhausting his administrative remedies.  He merely argues that he did not know the extent of his injuries until after his transfer.  This argument, as it relates to plaintiff's hepatitis, was rejected.  The Court now rejects the argument as it relates to his thyroid condition.

Because plaintiff has failed to exhaust his administrative remedies and has provided no adequate excuse for such failure his complaint should be dismissed.

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint without prejudice for plaintiff's failure to exhaust his administrative remedies.

**SIGNED this 31st day of May, 2006.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE