IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN ALLARD, ID # 1071335, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:05-CV-0584-K (BH) |
| | ) | ECF |
| QUINLAN PEST CONTROL,[1] et al., | ) | Referred to U.S. Magistrate Judge |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Order* signed August 14, 2008, this case has been re-referred for recommendation. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

In March 2005, plaintiff filed this civil action under 42 U.S.C. § 1983 alleging violations of his constitutional rights related to the spraying of pesticides and conditions of his imprisonment at the Hunt County Jail (the Jail) that allegedly caused him various health problems, including a thyroid problem.[2] (*See generally*, Compl.) He sues Quinlan Pest Control Company Inc.; three jailers at the Jail (Michael Vice, Randy White, and Curtis Neal);[3] and Hunt County Sheriff Don Anderson. (*Id.* at 1-3.) He states that he was last incarcerated in the Jail between July 2000 and October 19,

---

[1] Although the face of plaintiff's complaint appears to spell "Quinlan" as "Quinlon", the remainder of the complaint correctly spells it as "Quinlan". Because the Fifth Circuit utilized the spelling from the current docket sheet when this case was on appeal, citations to the appellate decision will use "Quinlon". The Clerk of Court is directed to correct the spelling on the docket sheet.

[2] The Court previously found that this action proceeds as an individual action by plaintiff, not as a class action. The Fifth Circuit Court of Appeals affirmed this finding. *See Allard v. Quinlon Pest Control*, No. 06-10753, 2008 WL 2570670, at *1 (5th Cir. June 30, 2008) (per curiam).

[3] Plaintiff identifies defendant Neal as "Neel". As shown in plaintiff's prior action concerning unsanitary conditions at Hunt County Jail, the correct spelling is "Neal".

2001, but was not diagnosed with thyroid problems until March 25, 2003.  (*See* Answer to Question 1 of Magistrate Judge's Questionnaire (MJQ)[4].)

In June 2006, the Court dismissed this action for plaintiff's failure to exhaust administrative remedies.  Two years later, the Fifth Circuit vacated that dismissal and remanded the case for further proceedings based upon *Jones v. Bock*, 549 U.S. 199 (2007).  *See Allard v. Quinlon Pest Control*, No. 06-10753, 2008 WL 2570670, at *1 (5th Cir. June 30, 2008) (per curiam).  In August 2008, the case was re-referred for a recommendation.  No process has been issued in this case.

## II.  PRIOR ACTION

In 2002, Plaintiff filed a prior action against defendants Neal and Anderson alleging "unsafe and unsanitary cell conditions" at the Jail that caused "boils, infections, hepatitis C, and a thyroid condition."  See *Allard v. Anderson*, No. 3:02-CV-1698-L (N.D. Tex. filed Aug. 2002) (Findings, Conclusions, and Recommendation).  The allegations encompassed plaintiff's "latest incarceration from July 20, 2000, through October 19, 2001."  *Id.*  On November 22, 2004, the Court dismissed the action without prejudice for plaintiff's failure to exhaust administrative remedies.  *Id.* (judgment).

On December 28, 2007, the Fifth Circuit Court of Appeals affirmed in part and reversed in part that dismissal.  *Allard v. Anderson*, 260 Fed. App'x 711, 717 (5th Cir. 2007), *cert. filed* No. 11260 (2008).  In light of the pending petition for writ of certiorari, the District Court found "no further reason at this time to maintain the file as an open one for statistical purposes", and instructed the Clerk of Court "to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records."  *See Allard v. Anderson*, No. 3:02-CV-1698-L (N.D. Tex. filed Aug. 2002)

---

[4] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

2

(order of Mar. 21, 2008). Despite such instruction, the Court noted that "[n]othing in this order shall be considered a dismissal or disposition of this case, and, should further proceedings in it become necessary or desirable, any party or the court may initiate such further proceedings in the same manner as if this order had not been entered." *Id.*

### III. PRELIMINARY SCREENING

Plaintiff has been granted permission to proceed *in forma pauperis* (IFP). His complaint is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal, if the Court finds the complaint malicious. The Fifth Circuit "has held that it is malicious for a pauper to file successive IFP suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)). Adding different defendants in the successive action does not change the malicious or duplicative nature of the case. *See Bailey*, 846 F.2d at 1021. The Court may properly dismiss a successive action as malicious or duplicative even when the plaintiff has named different defendants. *See id.*

It is clear that the claims raised in this action duplicate claims pursued in plaintiff's prior action. In both actions, plaintiff complains about conditions at the Hunt County Jail that resulted in various alleged ailments, including hepatitis C and a thyroid condition. Both actions stem from the same set of facts and occurrences. There is no apparent reason plaintiff could not have pursued the instant claims in his previous litigation. There is no reason to allow plaintiff to pursue duplicate litigation in two separate actions.

3

The Court may either consolidate the two actions or dismiss the instant action without prejudice to plaintiff pursuing his other case. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993). "Ordinarily," however, the courts dismiss "the later-filed action . . . in favor of the case that was filed earlier." *Id.* at 995. In this instance, there appears to be no extraordinary reason to prompt consolidation. The Court should dismiss the instant action as malicious within the meaning of 28 U.S.C. § 1915(e)(2)(B). Such dismissal should be without prejudice to the prosecution of the earlier suit, but with prejudice as to the successive suit. *Id.*

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). It is further recommended that such dismissal be without prejudice to the prosecution of plaintiff's prior suit, *Allard v. Anderson*, No. 3:02-CV-1698-L (N.D. Tex. filed Aug. 2002), which remains pending although it has been statistically closed while plaintiff pursues a petition for writ of certiorari.

**SIGNED this 17th day of September, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE