# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **STEPHEN ALLARD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:05-CV-0584-K** |
| | § | |
| **QUINLAN PEST CONTROL CO. INC,** | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the order dated August 12, 2010, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is Defendant's *Motion to Dismiss*, filed April 11, 2011 (doc. 54). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED in part**, and the complaint should be dismissed.

## I. BACKGROUND

On March 24, 2005, Plaintiff filed this suit under 28 U.S.C. § 1983 for alleged violations of his constitutional rights based on the conditions of his imprisonment in the Hunt County jail in 2000 and 2001. (*See* Compl. (doc. 1).) He claimed that several times during his incarceration, Defendant sprayed pesticides on the jail floor where he was required to sleep due to overcrowding, and that exposure to these pesticides caused a thyroid problem that was ultimately diagnosed on March 25, 2003. (Compl. at 2; Answers to Magistrate Judge's First Questionnaire (MJQ) #1 [doc. 5] at 1, 6; MJQ #2 [doc. 47], Ans. 1, 3).[1] He also sued the Sheriff of Hunt County, two jailers at the Hunt

---

[1] Plaintiff's answers to the questionnaires constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

County jail whom he had previously sued for the same alleged violations of his civil rights based on the prison conditions there (*see Allard v. Anderson*, No. 3:02-CV-1698-L (N.D. Tex.)), and a third jailer.

Like his prior complaint, Plaintiff's 2005 complaint was dismissed for failure to exhaust administrative remedies on June 20, 2006. (*See* doc. 15). He appealed the dismissal, and as with the prior case, the Fifth Circuit remanded in light of *Jones v. Bock*, 549 U.S. 199 (2007), on July 31, 2008. *See Allard v. Quinlan Pest Control*, No. 06-10753 (5th Cir. July 31, 2008). On October 2, 2008, Plaintiff's complaint was dismissed as duplicative of the prior suit without prejudice to him pursuing his claims in that prior suit, and he appealed.[2] (*See* doc. 31). On July 13, 2010, the Fifth Circuit again remanded the case, finding that it was "admittedly duplicative" of the prior case but not maliciously so because Defendant was not a party in the first suit and there had been no finding of whether it had injured Plaintiff. *See Allard v. Quinlan Pest Control*, No. 08-10997 (5th Cir. July 13, 2010) (doc. 41 at 4). The Fifth Circuit noted, however, that Plaintiff had not explained how Defendant was a state actor for purposes of § 1983 and that he might not have satisfied the two-year statute of limitations. *Id.* at 5 n. 4. On remand, the Court sent Plaintiff a questionnaire seeking more information about his claims on August 29, 2010. (*See* MJQ #2 [doc. 44]). Process was ultimately issued on February 7, 2011. (*See* doc. 48.)

Defendant moves to dismiss Plaintiff's § 1983 claims for failure to state a claim, to dismiss any remaining state law claim for lack of subject matter jurisdiction, and to dismiss all claims as frivolous. Plaintiff filed a response on May 11, 2011 (doc. 62, "Resp."), along with a brief in support (doc. 63, "Resp. Brief"), and Defendant filed its reply on May 24, 2011 (doc. 64, "Reply").

---

[2]On appeal, Plaintiff moved to dismiss all individual defendants, and the motion was granted on September 22, 2009. (*See* doc. 38.)

## II.  RULE 12(b)(6)

Defendant argues that Plaintiff fails to state a § 1983 claim upon which relief may be granted because the statute of limitations expired before he filed his complaint and because he has not alleged facts to support a finding that Defendant was a state actor.  (Mot. at 1-2).

### A.    Standard of Review

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the pleadings.[3]  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

---

[3] In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

## B.    Statute of Limitations

Defendant asserts that Plaintiff's complaint should be dismissed as barred by the statute of limitations because Plaintiff knew that the Hunt County jail was sprayed with pesticides during his incarceration there from July 2000 to October 19, 2001, but did not file suit until March 24, 2005, more than two years later. (Mot. at 3).

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In view of Texas' two-year statute of limitations for personal injury claims, plaintiff "had two years to file suit from the date" that his § 1983 claims accrued. *Id.*; *see also Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

Accrual of a § 1983 claim is governed by federal law:

> Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.' A plaintiff's awareness encompasses two elements: '(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.' A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required 'if the circumstances would lead a reasonable person to investigate further.'

4

*Piotrowski*, 237 F.3d at 576 (citations omitted). In other words, "[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). In some cases, an injured person may not realize that a tort has been committed because of a latent injury that either is not, or cannot, be discovered until later. The cause of action does not accrue until the plaintiff discovers, or should have discovered, both the injury and its cause. *Albertson v. T.J. Stevenson*, 749 F.2d 223, 228- 229 (5th Cir. 1984).

Plaintiff alleges that although he knew that he had been exposed to pesticides while he was incarcerated in the Hunt County jail, he was not aware that his thyroid had been damaged by the exposure until after March 25, 2003, when he was diagnosed with the thyroid condition. (Resp. Brief at 3). He has submitted clinic notes from the Texas Department of Criminal Justice reflecting that on both March 4, 2003, and March 25, 2003, he was scheduled for an "ITP" for thyroid. ("MJQ #2" Ans. at 9). Plaintiff explains that this was a blood test, and that he did not determine that the damage his thyroid suffered was due to pesticide exposure until he spoke with medical staff in April of 2003. (MJQ #2, Ans. 4).

Under the 12(b)(6) standard, Plaintiff's pleaded facts must be accepted as true. His allegations are sufficient to state a facially plausible claim for purposes of Rule 12(b)(6) that his § 1983 claim against Defendant did not accrue any earlier than March 25, 2003, and that his March 24, 2005 complaint was therefore filed within the two-year statute of limitations. Defendant's motion to dismiss the Plaintiff's § 1983 claim as time-barred under Rule 12(b)(6) should be denied.

**C.**     **State Actor**

Defendant also contends that Plaintiff's § 1983 claim should be dismissed for failure to state

a claim because he fails to allege that Defendant, a private company, was a state actor.

To state a viable claim for relief in a § 1983 action, Plaintiff must allege that he has been deprived of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999), *West v. Atkins*, 487 U.S. 42, 48 (1988). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private action may be deemed state action, for purposes of § 1983, only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Both the Supreme Court and the Fifth Circuit have recognized three tests used by courts to determine whether a private party is acting under color of state law: the public function test, the state compulsion test, and the joint action or nexus test. *Lugar v. Edmondson Oil Co.* 457 U.S. at 939; *Bass v. Parkwood Hospital*, 180 F.3d 234, 241-42 (5th Cir. 1999). Under the public function test, a private entity may be considered a state actor if it performs a function that is traditionally "the exclusive province of the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 2009), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (en banc). For example, the Fifth Circuit has applied the public function test to find that private prison management corporations and their employees may be sued under § 1983. *Rosborough v. Management & Training Corp.*, 350 F.3d 459, 460-61 (5th Cir. 2003).

Under the state compulsion test, a state will be held responsible for a private decision only when it has exercised coercive power or provided such encouragement such that the choice is deemed to be a choice of the state. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). However, the

state's mere acquiescence in private conduct, even where the conduct is authorized by statute, will not transform that conduct into state action. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164 (1978). Moreover, the fact that a business is subject to state regulation does not alone convert its action into state action. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. at 52, *citing Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974).

Finally, "[u]nder the nexus or joint action test, state action may be found where the government has 'so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise.'" *Bass*, 180 F.3d at 242, *citing Jackson*, 419 U.S. at 357-58. Applying the joint action test, the Fifth Circuit has held that where a plaintiff alleges that there was an agreement between the private citizen and the state or its agents to commit an illegal act and that there was a deprivation of his constitutional rights, a private citizen may be held liable under § 1983 if he has been a willful participant in joint activity with the state or its agents. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004); *Ciniel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). The focus of the inquiry is whether there is such a close nexus between the state and the challenged act by a private actor such that "seemingly private behavior may be fairly treated as that of the State itself." *Able Security and Patrol v. Louisiana*, 569 F.Supp.2d 617, 630 (E.D. La. 2008), *citing Brentwood Acad. v. Tennessee Secondary Sch. Athletic Assoc.*, 531 U.S. 288, 295 (2001). However, a mere conclusory allegation of a conspiracy to commit an illegal act between a private actor defendant and the state, without citing to specific facts in support of the allegation, will not survive dismissal. *Priester*, 354 F.3d at 420; *Brinkman v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986).

Plaintiff has not alleged sufficient facts to support a plausible claim that Defendant was

acting under state law when it sprayed pesticides under the public function test – Defendant was not performing a function that is typically the province of the state. Likewise, Plaintiff has not alleged facts to support a plausible claim under the state compulsion test that the state exercised coercive power or provided encouragement such that Defendant's actions are deemed to be actions of the state. Plaintiff alleges that Defendant violated state licensing and regulations when it exposed him to pesticides. (MJQ #2 (doc. 47), Ans. 1). The State of Texas regulates structural pest control under its statute governing various occupations. *See* TEX. OCC. CODE ANN. § 1951 (West 2001). A violation of a pest control license or regulation is subject to a civil penalty or may be considered a Class C misdemeanor, subject to a fine. *Id*. at §§ 1951.602, 1951.603. The mere fact that Defendant is subject to state regulation does not convert its actions into state actions, however. *American Manufacturers Mutual Ins. Co.*, 526 U.S. at 52.

Plaintiff does allege that Defendant conspired with state officials, and that it knew it was violating its licensing and regulations by misapplying pesticides "under supervision of Hunt County employees and officials" while inmates remained in their cells. (MJQ #2, Ans. 1, 2). He does not allege any facts to support his conclusory assertions, however. Moreover, those courts that have specifically considered whether companies hired to provide pest control services in a jail may be considered state actors for purposes of § 1983 have declined to so find. *See Moore v. Vendor/Aramark Corr. Food Serv.*, 2011 WL 2601582, slip op. at *1 (N.D. Ill. June 30, 2011) (holding that a pest control company is not a state actor for § 1983 purposes where it is an independent contractor under a service agreement with a company providing food services to a county jail); *Stuart v. Shelby County*, 2007 WL 2471511, slip op. at *1, n. 1 (W.D. Tenn. Aug. 27, 2007) (no § 1983 cause of action against a company providing pest control services to a jail because

8

it is a private company not acting under color of state law).  District courts in this circuit have similarly held that a private, independent contractor does not become a state actor by virtue of being hired by the state.  *See Hatton v. Henderson County Jail*, 2009 WL 2744896, slip op. at *6 (E.D. Tex. Aug. 24, 2009) (a construction company hired by a county jail that employed inmate as a trusty is not a state actor under § 1983); *Plummer v. Valdez*, 2006 WL 2713784, slip op. at *2 (N.D. Tex. Sept. 21, 2006) (the private company that provides products for sale to county jail inmates in not a state actor).

Plaintiff cites *Johnson-El v. Schoemehl*, 878 F.2d 1043 (8th Cir. 1989), as support for his claim against Defendant.  In that case, however, the prisoner sued a city and its officials *but not the private company* for conditions in the city jail, including the spraying of pesticides in close quarters. Plaintiff also cites cases holding that Texas law imposes on persons hiring an independent contractor to perform inherently dangerous work a nondelegable duty to ensure that the work is performed safely, but neither involves a private actor.  In both *Lathers v. Penguin Industries Inc.*, 687 F.2d 69 (5th Cir. 1982), and *Alexander v. United States*, 605 F.2d 828 (5th Cir. 1979), the Fifth Circuit held that the United States was not liable under the Federal Tort Claims Act (FTCA) for imputed negligent actions of an independent contractor hired by the federal government.  These cases have no bearing on whether Defendant was a state actor for purposes of § 1983.

Plaintiff has not alleged sufficient facts to state a plausible § 1983 claim against Defendant. Its motion to dismiss this claim under Rule 12(b)(6) should be granted.

### III.  RULE 12(b)(1) and 28 U.S.C. § 1367(a)

Defendant contends that while it is unclear whether Plaintiff is asserting any state common-law tort claims against it, any such claims should be dismissed under Rule 12(b)(1).  Defendant also

contends that the Court should decline to exercise supplemental jurisdiction over any remaining state law claims in the absence of a viable federal claim.  No state claim appears from the complaint or related filings, and Plaintiff's response does not identify any state law claims he is seeking to assert.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).  Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."  *Id.*  When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction."  *Id.*

To the extent that Plaintiff is asserting any state law claims, 28 U.S.C. § 1367(a) grants district courts "supplemental jurisdiction" over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...."  Because any state law claims asserted by Plaintiff arise from the same facts as his federal claim, the Court has supplemental jurisdiction over them.  The motion to dismiss any state law claims under Rule

12(b)(1) should therefore be denied.

Because dismissal of the federal claim over which it has original jurisdiction is recommended, however, the Court must also decide whether to retain jurisdiction over any remaining state claims. 28 U.S.C. § 1367(c)(3). Whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the Court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When the Court dismisses the federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). According to the Fifth Circuit, "[o]ur general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Company v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir.1992), *citing Wong v. Stripling*, 881 F.2d at 204. Accordingly, any remaining state claims should be dismissed without prejudice to Plaintiff pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. at 350.

## IV. § 1915(e)(2)

Finally, Defendant asserts that this case should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides that a case brought by a person proceeding *in forma pauperis* that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief may be dismissed at any time. The Fifth Circuit has noted that § 1915(e)(2) is the most appropriate authority for dismissal prior to service of a complaint that fails to state a claim, whereas Rule 12(b)(6) contemplates a motion to dismiss the complaint. *See Guzman v. Wheeler*, 138 F.3d 952, slip op. at *1 (5th Cir. 1998);

*Mayberry v. Hefner*, 134 F.3d 368 (5th Cir. 1997) (per curiam) (same). Because it has been

recommended that Defendant's motion to dismiss Plaintiff's § 1983 claim under Rule 12(b)(6) be

granted and that any state law claims be dismissed without prejudice, dismissal under § 1915(e)(2)

is unnecessary.

### V. CONCLUSION

Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's § 1983 claim should be **GRANTED**.

Defendant's Rule 12(b)(1) motion to dismiss any remaining state law claims should be **DENIED**,

the Court should decline to exercise supplemental jurisdiction over any such claims, and they should

be **DISMISSED** without prejudice to Plaintiff pursuing them in state court.

**SO RECOMMENDED on this 14th day of September, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE